UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
STEVEN PEDRO,                      )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    CIVIL ACTION NO.
                                   )    10-10758-MLW
MICHAEL J. ASTRUE, Commissioner    )
of Social Security,                )
                                   )
          Defendant.               )
```

ORDER AND ENTRY OF JUDGMENT ON DEFENDANT'S
UNOPPOSED MOTION FOR VOLUNTARY REMAND

Defendant, Michael J. Astrue, Commissioner of Social Security ("Commissioner"), has moved this Court, pursuant to sentence four of 42 U.S.C. § 405(g), to enter a judgment reversing his decision with a remand of the case for further administrative proceedings.  Under sentence four of 42 U.S.C. § 405(g), the Court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Commissioner . . ., with or without remanding the case for a rehearing."  See Shalala v. Schaefer, 509 U.S. 292, 296-97 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 97-98 (1991).

Remand of this case is necessary because of arguable incompatibility between the Administrative Law Judge's ("ALJ") November 25, 2009, decision denying benefits, and a subsequent agency determination that Plaintiff became disabled on November

26, 2009. Upon remand, the ALJ will be notified that Plaintiff was found disabled on November 26, 2009, the day following his decision, and that the primary basis for this finding was the adoption of the opinion of Plaintiff's long-time therapist, John Mitchell. The ALJ will determine if Plaintiff is disabled and, in so doing, evaluate all of the medical evidence of record, including the opinion evidence from Mr. Mitchell, consistent with the requirements of Social Security Ruling 06-3p. If necessary, the ALJ will obtain medical expert evidence to assist in reconciling and resolving any inconsistencies in the record. In addition, the ALJ will be notified that the residual functional capacity ("RFC") described to the vocational expert ("VE") at the hearing did not match the RFC described in the hearing decision. Accordingly, the ALJ shall give further consideration to Plaintiff's maximum RFC. Supplemental VE evidence shall be obtained and the ALJ shall set forth an RFC to the VE that matches the established RFC. Plaintiff must be afforded the opportunity to submit additional, relevant medical evidence and appear at a new hearing. Plaintiff's attorney has been contacted and assents to this Motion.

For these reasons, the Court reverses the Commissioner's decision and remands this case to the Commissioner for further administrative proceedings.

SO ORDERED THIS  6th  DAY OF   August   , 2010.

/s/ Mark L. Wolf
HONORABLE MARK L. WOLF
U.S. District Court